UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRIDHAR SRINVASAN,<br><br>Plaintiff,<br><br>v.<br><br>JERED KENNA,<br><br>Defendant. | Case No. 18-cv-03977-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION TO STRIKE**<br><br>Re: Dkt. No. 22 |
| MICHAEL HAAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JERED KENNA, et al.,<br><br>Defendants. | Case No. 18-cv-03978-HSG<br><br>Re: Dkt. No. 21 |

On January 12, 2018, Plaintiffs Michael Haas, Brian Ironside, and Bradley Johnson filed an action in San Francisco Superior Court, asserting several state law causes of action against Defendant Jered Kenna.[1] *Haas v. Kenna*, Dkt. No. 1-1. On February 16, 2018 Plaintiff Sridhar Srinvasan filed a similar action against Defendant, also in state court.[2] *Srinvasan v. Kenna*, Dkt. No. 1-1. Defendant timely removed each action to federal court. *See Srinvasan*, Dkt. No. 1; *Haas*, Dkt. No. 1. On September 4, 2018, Plaintiffs filed amended complaints in both actions.

---

[1] Plaintiffs' state complaint also named Ryan Singer as a Defendant, but Plaintiffs voluntarily dismissed Singer before this case was removed to federal court. *See Haas v. Kenna*, Dkt. No. 1-2.

[2] Again, the state complaint named Ryan Singer as a defendant, but Plaintiff voluntarily dismissed Singer before his case was removed to federal court. *See Srinvasan v. Kenna*, Dkt. No. 1-2.

*Srinvasan*, Dkt. No. 21 ("Srinvasan FAC"); *Haas*, Dkt. No. 20 ("Haas FAC").

Now pending before the Court are Defendant's motions to dismiss, and to strike portions of, the operative complaints in each action, briefing for which is complete. *See Srinvasan*, Dkt. Nos. 22 ("Srinvasan Mot."), 34 ("Srinvasan Opp."), 47 ("Srinvasan Reply"); *Haas*, Dkt. Nos. 21 ("Haas Mot."), 25 ("Haas Opp."), 34 ("Haas Reply"). After carefully considering the parties' arguments, the Court **GRANTS** Defendant's motions.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard for claims that "sound in fraud." Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations and quotation marks omitted).

**II. DISCUSSION**

Plaintiffs allege five state law causes of action: (1) breach of written contract; (2) breach of express warranty; (3) intentional misrepresentation; (4) negligent misrepresentation; and (5) conversion.[3] Srinvasan FAC ¶¶ 22–51; Haas FAC ¶¶ 29–65. Defendant moves to dismiss all causes of action in each case. This order first addresses an overarching defect in Plaintiffs' cases before turning to the individual claims.

**A. Plaintiffs Fail to Plead Alter Ego**

All of Plaintiffs' claims seek to hold Defendant Kenna liable for alleged acts or omissions of a company for which he served as CEO: Tradehill, Inc ("Tradehill"). Srinvasan FAC ¶ 3; Haas FAC ¶ 5. Holding Kenna liable for Tradehill's acts and omissions, however, requires that Plaintiffs plead sufficient facts to invoke the alter ego doctrine so as to pierce Tradehill's corporate veil.

**i. Legal Standard**

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests." *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 606 (Cal. 1985). Under the doctrine, "[a] corporate identity may be disregarded—the 'corporate veil' pierced—where an abuse of the corporate privilege justifies holding the [owner] of a corporation liable for the actions of the corporation." *Sonora Diamond*

---

[3] Plaintiffs initially alleged unfair competition claims, but have now conceded that those claims should be dismissed. *See* Srinvasan Opp. at 5; Haas Opp. at 5.

3

*Corp. v. Superior Court*, 99 Cal. Rptr. 2d 824, 836 (Ct. App. 2000). "There is a strong presumption against disregarding corporate identities and finding a person to be the alter ego of a corporation." *Tarel Seven Design, Inc. v. Magni Grp., Inc.*, No. SA CV 89–210 AHS (RWRX), 1990 WL 118290, at *4 (C.D. Cal. May 30, 1990) (citing *In re Christian & Porter Aluminum Co.*, 584 F.2d 326, 338 (9th Cir. 1978)). To overcome this presumption and state a claim for alter ego liability, a plaintiff "must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Ranza v. Nike Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (internal quotations omitted). The party asserting alter ego liability bears the burden of establishing it. *See UA Local 343 v. Nor–Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1994). Conclusory allegations of alter ego status are inadequate; rather, the "plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040–41 (N.D. Cal. 2014) (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003)).

To assess whether there is unity of interest between a corporation and an individual for the purposes of piercing the corporate veil under alter ego liability, courts consider many factors, including:

> [T]he commingling of funds and other assets; the failure to segregate funds of the individual and the corporation; the unauthorized diversion of corporate funds to other than corporate purposes; the treatment by an individual of corporate assets as his own; the failure to seek authority to issue stock or issue stock under existing authorization; the representation by an individual that he is personally liable for corporate debts; the failure to maintain adequate corporate minutes or records; the intermingling of the individual and corporate records; the ownership of all the stock by a single individual or family; the domination or control of the corporation by the stockholders; the use of a single address for the individual and the corporation; the inadequacy of the corporation's capitalization; the use of the corporation as a mere conduit for an individual's business; the concealment of the ownership of the corporation; the disregard of formalities and the failure to maintain arm's-length transactions with the corporation; and the attempts to segregate liabilities to the corporation.

*Digby Adler Grp. LLC v. Image Rent a Car, Inc.*, 79 F. Supp. 3d 1095, 1106–07 (N.D. Cal. Feb. 6, 2015) (citing *Mid-Century Ins. Co. v. Gardner*, 11 Cal. Rptr. 2d 918, 922 n.3 (Ct. App. 1992)).

Some courts have held that a plaintiff need only plead two or three of these factors to adequately plead unity of interest. *See Daewoo Elecs. Am. Inc. v. Opta Corp.*, No. C 13–1247 JSW, 2013 WL 3877596, at *5 (N.D. Cal. July 25, 2013); *Pac. Mar. Freight, Inc. v. Foster*, No. 10–cv–0578–BTM–BLM, 2010 WL 3339432, at *6 (S.D. Cal. Aug. 24, 2010) (citing authority holding that the identification of unity of interest plus two or three factors was sufficient to survive dismissal).

### ii. Analysis

The operative complaints in each action state:

> "Plaintiff[s] [is/are] informed and believes and thereon allege that Tradehill was the alter ego of Kenna such that there is a unity of ownership and control in that Kenna dominated and controlled Tradehill; that Tradehill did not operate as a bona fide corporation; and that Tradehill was inadequately capitalized, and that unfair and inequitable results will follow if the corporate separateness of Tradehill from Kenna is recognized."

*See* Srinvasan FAC ¶ 6; Haas FAC ¶ 7. But as Defendant notes, this is merely a recital of the elements based on information and belief. *See, e.g.*, Srinvasan Mot. at 7. Nowhere do Plaintiffs plead facts to support this threadbare allegation.

In response, Plaintiffs concede that their pleadings are inadequate. *See, e.g.*, Srinvasan Opp. at 3. Plaintiffs claim they "initially pleaded the alter ego doctrine generally because the Complaint had been filed in state court, and because California applies a general pleading standard to alter ego. Counsel was unaware of the specificity requirement for alter ego, and request[s] leave to amend to so plead." *See, e.g.*, *id.*

Because there is no dispute that Plaintiffs failed to adequately plead alter ego, which is a threshold issue for all claims in these actions, the Court **GRANTS** Defendant's motions to dismiss. Although the Court need not address the individual causes of actions, given Plaintiffs' failure to satisfy this threshold issue, the Court nonetheless discusses at a high level some of the plain defects in the individual claims.[4] Should Plaintiffs seek to file another amended complaint, the Court expects Plaintiffs to cure all deficiencies—whether noted below or in Defendant's numerous briefs. Failure to adequately plead individual causes of action in the future may result

---

[4] The discussion below is not meant to be, and Plaintiffs should not construe it as, an exhaustive analysis of the operative complaints.

1 in dismissal without leave to amend.

**B. Breach of Contract**

Plaintiffs Haas and Johnson allege breach of contract actions. Haas FAC ¶¶ 29–35. As to Haas, the operative complaint alleges that he emailed Kenna in April 2013, "asking how he could obtain his bitcoin." *See id.* ¶¶ 17, 30. Kenna responded, essentially saying that he and others would investigate the matter, but that Haas needed to send Kenna some additional information. *Id.* Haas responded by giving Kenna an email address, with which Kenna could allegedly try to locate Haas's bitcoin. *Id.* at 30. As to Johnson, the operative complaint alleges that he emailed Kenna four times in April 2013 "because he was concerned about his bitcoin." *Id.* ¶ 18. Kenna responded, asking for a "BTC address," to send Johnson his bitcoins. *Id.* ¶ 31. Johnson provided an address. *Id.* According to Plaintiffs, "[e]ach of these exchanges constitut[ed] an offer by Kenna to enter into a written contract." *Id.* ¶ 32.

Defendant moves to dismiss this cause of action as to both Plaintiffs Haas and Johnson for failure to state a cause of action and because Plaintiffs' claims are time-barred.

**i. Plaintiffs Fail to State a Cause of Action**

Defendant argues that Plaintiffs fail to state a cause of action by not identifying consideration, which is an essential element of a contract. *See* Haas Mot. at 7. And Plaintiffs do not defend their breach of contract claim in opposition. Even had Plaintiffs responded, the Court does not see how consideration would be pleaded because it does not appear that Defendant received any benefit from these exchanges. *See* Cal. Civ. Code § 1605 (defining "good consideration").

**ii. Plaintiffs' Claims Appear Time-Barred**

Defendant also argues that Haas and Johnson's breach of contract claims are time-barred. *See* Haas Mot at 7–8. The statute of limitations for a breach of contract claim is four years after accrual of the cause of action. *See* Cal Civ. Proc. Code § 337(a). A claim accrues at the time of the breach and when a plaintiff has suffered appreciable and actual harm, "however uncertain the amount." *See Davies v. Krasna*, 535 P.2d 1161, 1167 (Cal. 1975) (in bank). Where a contract does not fix a time for performance, the law implies a promise to perform within a reasonable

6

time. *See* Cal. Civ. Code § 1657. But where "the act is in its nature capable of being done instantly--as, for example, if it consists in the payment of money only--it must be performed immediately upon the thing to be done being exactly ascertained." *Id.*

Defendant argues that even if his April 2013 emails constituted written contracts, the breach occurred when he did not immediately send Haas and Johnson their bitcoins. Haas Mot. at 7–8. Given that the Plaintiffs only filed suit in January 2018, they cannot sustain a cause of action based on a breach of contract before January 2014. Plaintiffs did not defend their breach of contract claim in opposition to Defendant's dismissal request. And the Court cannot readily discern any facts Plaintiffs could plead to avoid dismissal on these grounds.

### C. Breach of Warranty

All Plaintiffs allege breach of warranty claims. Srinvasan FAC ¶¶ 22–28; Haas FAC ¶¶ 36–44. The operative complaints contend that a 2011 statement by Kenna about how his company was "in this for the long run," as well as general sign-up language on the company's webpage, constituted an express warranty, which was allegedly breached "[w]hen Kenna permanently closed the Tradehill doors, on or about December 2013." Srinvasan FAC ¶¶ 24–27; Haas FAC ¶¶ 38–41.

Defendant moves to dismiss this cause of action as to all Plaintiffs both for failure to state a cause of action and because Plaintiffs' claims are time-barred.

#### i. Plaintiffs Fail to State a Cause of Action

Defendant claims that Plaintiffs have failed to state a cause of action for breach of warranty because "[a] warranty claim must involve a 'sale' of 'goods,'" but here (1) there was no "sale" because no title passed from Defendant to Plaintiffs, and (2) this case is not about "goods." *See, e.g.*, Srinvasan Mot. at 7. Plaintiffs' only response is that "[b]ecause plaintiff pleaded express warranty, the 'goods' discussion is moot." *See, e.g.*, Srinvasan Opp. at 3. But Plaintiffs cite to no case law to support this view.[5]

---

[5] Every treatise the Court found states that any action for breach of warranty "will not lie where there has been only the furnishing of services." *See, e.g.*, Judge Kimberly A. Gaab & Sara Church Reese, Cal. Prac. Guide Civ. Pro. Trial Claims & Def. Ch. 7(V)-B, 7:612 (Oct. 2018) (citing *Gautier v. Gen. Tel. Co.* 44 Cal. Rptr. 404, 407 (Ct. App. 1965); *Gagne v. Bertran*, 275 P.2d 15,

7

### ii. Plaintiffs' Claims Appear Time-Barred

Defendant also argues that Plaintiffs' breach of warranty claims are time-barred. *See, e.g.*, Srinvasan Mot. at 8–9. The statute of limitations for breach of express warranty is four years after accrual of the cause of action. *See Mills v. Forestex Co.*, 134 Cal. Rptr. 2d 273, 287 (Ct. App. 2003) (citing Cal. Com. Code § 2725). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Cal. Com. Code § 2725(2).

Plaintiffs' own complaints state that the breach occurred in December 2013. *See, e.g.*, Srinvasan FAC ¶ 27 ("When Kenna permanently closed the Tradehill doors, on or about December 2013, he breached the express warranty because he didn't permit plaintiffs to get their bitcoin back, sell it or trade it."). But Plaintiffs did not file these actions until February 2018, more than four years later.

Plaintiffs respond by arguing that the date of accrual ought to be "the day after the last customer plaintiff is aware of got refunded his coin in full, because until this date, it is clear that Kenna was refunding bitcoin to some, and is estopped from now asserting plaintiff may not rely on this." *See, e.g.*, Srinvasan Opp. at 3. Plaintiffs believe the accrual date should be December 13, 2014. *Id.* The Court does not see how Plaintiffs' argument squares with their own allegation that the breach occurred in December 2013, given that a claim for breach of warranty accrues under California law "when the breach occurs, *regardless of the aggrieved party's lack of knowledge of the breach.*" Cal. Com. Code § 2725(2) (emphasis added); Srinvasan FAC ¶ 27.

### D. Intentional Misrepresentation

All Plaintiffs bring claims for intentional misrepresentation. Srinvasan FAC ¶¶ 29–37; Haas FAC ¶¶ 45–53. In support, the operative complaints point to a 2011 blog post from Kenna,

---

20 (Cal. 1954)); 4 Witkin, Summary of California Law, § 57 (11th ed. June 2018).

which said, among other things, that "TradeHill is here to stay and we're just getting started." *See, e.g.*, Srinvasan FAC ¶ 30.

Defendant again moves to dismiss this cause of action as to all Plaintiffs both for failure to state a cause of action and because Plaintiffs' claims are time-barred.

### i. Plaintiffs Fail to State a Cause of Action

Under California law, "[t]o establish a claim for deceit based on intentional misrepresentation, the plaintiff must prove seven essential elements: (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." *Manderville v. PCG & S Grp., Inc.*, 55 Cal. Rptr. 3d 59, 68 (Ct. App. 2007) (citing Cal. Civ. Code §§ 1709–10). Because this claim alleges fraud, it is subject to Rule 9(b)'s heightened pleading standard. *World Surveillance Grp. Inc. v. La Jolla Cove Inv'rs, Inc.*, No. 13-cv-03455-WHO, 2014 WL 1411249, at *3 (N.D. Cal. Apr. 11, 2014).

As Defendant points out, although Plaintiffs point to a few "representations," Plaintiffs fail to identify any statement that was purportedly false when made. *See, e.g.*, Srinvasan Mot. at 9. Moreover, Plaintiffs fail to allege that Defendant *knew* any given statement was false when made. *Id.* Plaintiffs respond by saying that "Kenna deceived" Plaintiffs and "[r]ather than quibble over semantics, plaintiff[s] believe[] this Court would agree that Kenna affirmatively represented that he would not abscond with customer bitcoin." *See, e.g.*, Srinvasan Opp. at 3.

Plaintiffs' suggestion that they need not "quibble over semantics" ignores Rule 9(b)'s heightened pleading standard. Rule 9(b) demands that Plaintiffs allege the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *see also Kearns v.*

9

*Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."). Plaintiffs have not come close to meeting Rule 9(b)'s requirements.

### ii. Plaintiffs Johnson, Srinvasan, and Haas's Claims Appear Time-Barred

Defendant also argues that Plaintiffs' intentional misrepresentation claims are time-barred. *See, e.g.*, Srinvasan Mot. at 11–12. The statute of limitations for intentional misrepresentation is three years. *See* Cal. Civ. Proc. § 338(d). Accrual occurs upon "discovery, by the aggrieved party, of the facts constituting the fraud or mistake." *Id.* Inquiry notice is sufficient, however, which means accrual occurs when a plaintiff "has reason at least to suspect a factual basis" of the cause of action. *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005).

Plaintiffs admit that "Johnson is time barred - and accordingly did not allege this cause of action." Haas Opp. at 4. Technically, this is not accurate: The operative complaint said "all plaintiffs" brought this cause of action. *See* Haas FAC at 9. Nonetheless, given that Plaintiff Johnson admits his claim is time barred, the Court dismisses his intentional misrepresentation claim without leave to amend.

Defendant argues that Plaintiff Srinvasan was on notice at least as of April 2013, when Kenna allegedly ignored a request for information about "how [Srinvasan] could obtain his bitcoin." *See* Srinvasan Mot. at 12. Defendant argues that Plaintiff Haas was on notice at least as of April 2013, when Haas emailed Kenna about returning Haas's bitcoin and Kenna allegedly failed to do so. *See* Haas Mot. at 13. Finally, as to Srinvasan, Haas, and Ironside, Defendant argues that each at least should have known about any alleged intentional misrepresentation in December 2013, when Tradehill closed.

As to Srinvasan and Haas, the Court does not understand why Kenna's failure to respond to requests did not constitute inquiry notice. For Ironside, however, the facts alleged suggest that he had no reason to doubt the integrity of Tradehill until 2017, when he went looking for his bitcoin and learned that Tradehill no longer existed.

//

//

10

### E. Negligent Misrepresentation

All Plaintiffs bring claims for negligent misrepresentation. Srinvasan FAC ¶¶ 38–45; Haas FAC ¶¶ 54–61. In support, the operative complaints point to the same 2011 blog post from Kenna that supported their intentional misrepresentation claims. *See, e.g.*, Srinvasan FAC ¶ 39.

Defendant again moves to dismiss this cause of action as to all Plaintiffs both for failure to state a cause of action and because Plaintiffs' claims are time-barred.

#### i. Plaintiffs Fail to State a Cause of Action

To state a claim for negligent misrepresentation under California law, a plaintiff must allege: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 70 Cal. Rptr. 3d 199, 213 (Ct. App. 2007). There is no controlling authority as to whether negligent misrepresentation is subject to Rule 9(b). *See Anschutz Corp. v. Merrill Lynch & Co.*, 785 F. Supp. 2d 799, 823, 828 (N.D. Cal. 2011) (assuming without deciding that Rule 9(b) applied since the complaint met the heightened standard). The Ninth Circuit, however, has held that claims which "sound in fraud" or that are "grounded in fraud" must satisfy Rule 9(b)'s heightened pleading requirements. *Kearns*, 567 F.3d at 1125. To ascertain whether a claim "sounds in fraud," the Court must examine the language and structure of the complaint and determine "whether the complaint alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009) (internal quotations and alterations omitted).

Whether or not the statements at issue here sound in fraud, Plaintiffs fail to point to any statements that were allegedly false when made, which is fatal to their claims.

#### ii. Plaintiffs Johnson, Srinvasan, and Haas's Claims Appear Time-Barred

Defendant also argues that Plaintiffs' negligent misrepresentation claims are time-barred. *See, e.g.*, Srinvasan Mot. at 13. The statute of limitations for negligent misrepresentation is two years. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008)

11

(citing Cal. Civ. Proc. Code § 339(1)). Accrual occurs upon discovery of the facts constituting deceit. *See id.* "Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Id.* (citing *Slovensky v. Friedman*, 49 Cal. Rptr. 3d 60, 68 (Ct. App. 2006)). "So long as there is a reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her." *Id.* (citing *Slovensky*, 49 Cal. Rptr. 3d at 68).

For reasons discussed above regarding Plaintiffs' intentional misrepresentation claims, the Court similarly does not understand why Kenna's failure to respond to requests did not constitute notice, which indicates that Plaintiffs Johnson, Srinvasan, and Haas's claims are time-barred.

### F. Conversion

Defendant argues that Plaintiffs' conversion claims are time-barred. *See, e.g.*, Srinvasan Mot. at 13–14. The statute of limitations for conversion is three years. *See* Cal. Code Civ. Proc. § 338(c). Accrual occurs on the date of the taking, "even if the owner is ignorant of the wrong committed." *Naftzger v. Am. Numismatic Soc'y*, 49 Cal. Rptr. 2d 784, 789 (Ct. App. 1996).

Defendant argues that, at the latest, the taking for each Plaintiff occurred when Tradehill permanently shut down—in December 2013, according to the operative complaint. *See, e.g.*, Srinvasan Mot. at 14. In response, Plaintiffs contend that the cause of action did not accrue until 2016, because bitcoin's value was previously too speculative to have caused Plaintiffs any "actual appreciable harm." *See, e.g.*, Srinvasan Opp. at 4. In Plaintiffs' view, "[l]ooking at the price of bitcoin – it is entirely speculative and could have easily dropped to zero numerous times until at least 2016. Until then, [Plaintiffs'] loss was speculative and no cause of action accrued." *Id.*

The Court finds Plaintiffs' position untenable. Currency of any type fluctuates in value. And anticipating a given currency's future value involves some level of speculation. But that alone does not mean that no harm occurred at the date of taking. Any "manifest and palpable" injury commences the statutory period under California law. *Costa Serena Owners Coalition v. Costa Serena Architectural Comm.*, 97 Cal. Rptr. 3d 170, 187 (Ct. App. 2009) (quoting *Marin Healthcare Dist. v. Sutter Health*, 127 Cal. Rptr. 2d 113, 125 (Ct. App. 2002)); *see also Davies*, 535 P.2d at 1167 (holding that "the infliction of appreciable and actual harm, however uncertain in

amount, will commence the statutory period"); *Spellis v. Lawn*, 246 Cal. Rptr. 385, 388–89 (Ct. App. 1988) (holding that not all damages must occur before a cause of action accrues; rather, "the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date"). And here, the Court finds that Plaintiffs cannot allege that no harm whatsoever occurred at the date of taking based on a theory that bitcoin's value was previously too speculative.

### III. CONCLUSION

The Court **GRANTS** Defendant's motions to dismiss in each action, and as to all claims. Dismissal is with leave to amend, except as otherwise stated above. Because the Court grants Defendant's motions to dismiss in their entirety, the Court **DENIES AS MOOT** Defendant's motions to strike. *See* Srinvasan Mot. at 20–21; Haas Mot. at 20–21.

If Plaintiffs elect to file further amended complaints, they must do so within 21 days of this order. Failure to file an amended complaint by this deadline may result in the dismissal of the action without leave to amend. In further amended complaints, Plaintiffs must clearly set forth each legal claim and the facts supporting such claims. Plaintiffs' counsel are reminded to carefully consider their obligations under Federal Rule of Civil Procedure 11 in determining the scope and content of any amended complaint.

**IT IS SO ORDERED.**

Dated: 3/11/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge