UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRIDHAR SRINVASAN, | Case No. 18-cv-03977-HSG |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS AND DENYING WITHOUT PREJUDICE REQUEST FOR LEAVE TO FILE A MOTION FOR SANCTIONS** |
| JERED KENNA, | |
| Defendant. | Re: Dkt. No. 52 |

| | |
|---|---|
| MICHAEL HAAS, et al., | Case No. 18-cv-03978-HSG |
| Plaintiffs, | |
| v. | |
| JERED KENNA, | Re: Dkt. No. 38 |
| Defendant. | |

Pending before the Court are Defendant's motions to dismiss the second amended complaints in these related actions, briefing for which is complete. *See Srinvasan v. Kenna*, Dkt. Nos. 51 ("Srinvasan SAC"), 52 ("Srinvasan Mot."), 54 ("Srinvasan Opp."), 55 ("Srinvasan Reply"); *Haas v. Kenna*, Dkt. Nos. 37 ("Haas Mot."), 38 ("Haas Mot."), 40 ("Haas Opp."), 41 ("Haas Reply"). Defendant also requests leave to file separate motions for sanctions. *See* Srinvasan Mot. at 12; Haas Mot. at 15. After carefully considering the parties' arguments, the Court **GRANTS** Defendant's motions to dismiss, but **DENIES WITHOUT PREJUDICE** Defendant's request for leave to file a motion for sanctions.[1]

---

[1] The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b)

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations and quotation marks omitted). But "where the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quotation marks and alterations omitted).

## II.   DISCUSSION

Plaintiffs previously brought five state law causes of action against Defendant.  *See Srinvasan*, Dkt. No. 21 ("Srinvasan FAC") ¶¶ 22–51; *Haas*, Dkt. No. 20 ("Haas FAC") ¶¶ 29–65.  All of Plaintiffs' claims sought to hold Defendant Kenna liable for alleged acts or omissions of a company for which he served as CEO: Tradehill, Inc ("Tradehill").  *See, e.g.*, Srinvasan FAC ¶¶ 3 (alleging that Kenna "was co-founder and CEO of Tradehill, Inc."), 6 (alleging that "Tradehill was the alter ego of Kenna such that there is a unity of ownership and control in that Kenna dominated and controlled Tradehill; that Tradehill did not operate as a bona fide corporation; and that Tradehill was inadequately capitalized, and that unfair and inequitable results will follow if the corporate separateness of Tradehill from Kenna is recognized"), 7 (alleging that "Kenna was in possession and control of the assets that Tradehill had custody of, including plaintiff's bitcoin").

When Defendant moved to dismiss each of Plaintiffs' claims for, in part, failure to plead alter ego liability, Plaintiffs freely conceded that their pleadings were inadequate on this front, but sought leave to amend to plead "the specificity requirement for alter ego."  *See, e.g.*, *Srinvasan*, Dkt. No. 22 at 6–7 (moving to dismiss the FAC for failure to plead sufficient facts to invoke the alter ego doctrine); *Srinvasan*, Dkt. No. 34 at 3 ("Plaintiff had initially pleaded the alter ego doctrine generally because the Complaint had been filed in state court, and because California applies a general pleading standard to alter ego.  Counsel was unaware of the specificity requirement for alter ego, and requests leave to amend to so plead.").  And the Court granted Defendant's motions to dismiss the first amended complaints, in part, due to Plaintiffs' failures to plead alter ego.  *See, e.g.*, *Srinvasan*, Dkt. No. 49 at 5.  The Court explained that pleading alter ego liability was a "threshold issue for all claims in these actions," given the nature of the allegations.  *Id.*  The Court further warned that failure to cure this threshold defect "may result in dismissal without leave to amend."  *Id.* at 4–5.

Following the Court's dismissal order, Plaintiffs filed second amended complaints in both actions.  Plaintiffs narrowed their state law causes of action to two: (1) conversion, as to all Plaintiffs; and (2) misrepresentation, as to Plaintiff Johnson alone.  *See* Srinvasan SAC ¶¶ 20–26; Haas SAC ¶¶ 28–40.  But Plaintiffs failed to add any allegations whatsoever to the operative

complaints that would in any way merit the Court reconsidering its prior conclusion concerning alter ego liability. In fact, the operative complaints recite verbatim the same allegations this Court previously found lacking. *Compare, e.g.*, Srinvasan SAC ¶¶ 3, 6–7, *with* Srinvasan FAC ¶¶ 3, 6–7. In other words, nothing has changed.

When confronted with their failure to amend the complaint in any way on this matter, *see, e.g.*, Srinvasan Mot. at 6–7, Plaintiffs' only response was the following:

> A clarification is in order. Plaintiff[s] [is/are] not suing Tradehill, nor [is/are] plaintiff[s] stating any causes of action against Tradehill. Furthermore, plaintiff[s] [is/are] not pleading against Kenna based on alter ego liability. Plaintiff[s] [is/are] not alleging that Kenna is liable because of his actions on behalf of Tradehill as its CEO.

> Plaintiff[s] [*is/are*] alleging that Kenna converted [their] bitcoin. The cause of action for conversion is pleaded as against Kenna and the Doe defendants as individuals only, in their capacity as individuals only, not based on alter ego liability. Paragraph 6 therefore needs to be stricken to avoid this ambiguity. Plaintiff[s] stipulate[s] that it be stricken.

*See* Srinvasan Opp. at 1; Haas Opp. at 1. Plaintiffs miss the point entirely. It is beside the point that Plaintiffs did not name Tradehill as a defendant. Indeed, Plaintiffs *must* plead alter ego because they brought suit against Tradehill's CEO, rather than Tradehill itself. And they cannot handwave the alter ego requirements—which this Court plainly stated were necessary in its dismissal order—by stating that they are pleading conversion against Kenna himself, without having pled any facts attributable to Kenna other than acts purportedly performed by him as CEO of Tradehill. Further, even if the Court were to strike paragraph six of the respective complaints, each otherwise notes that Plaintiffs bring suit against Kenna as "co-founder and CEO of Tradehill, Inc." *See, e.g.*, Srinvasan SAC ¶ 3. And each alleges that Kenna absconded with bitcoin "that Tradehill had custody of." *See, e.g.*, *id.* ¶ 7. Neither operative complaint anywhere attributes any wrongdoing to Kenna other than for alleged malfeasance as CEO of Tradehill. Plaintiffs thus must plead alter ego to survive dismissal, as this Court previously ordered. But Plaintiffs ignored this direction.

Given Plaintiffs' repeated failures to state a cognizable claim based on alter ego liability, a threshold issue, the Court dismisses all claims without leave to amend. *See Zucco Partners, LLC*,

552 F.3d at 1007 (9th Cir. 2009).

### III.   REQUEST FOR LEAVE TO FILE MOTION FOR RULE 11 SANCTIONS

Beyond moving to dismiss Plaintiffs' complaints, Defendant seeks leave to file separate motions for Rule 11 sanctions. But it is unclear what federal or local rule requires leave of Court to submit such a motion. Rule 11(c)(2) provides that motions for sanctions "must be served under Rule 5," and "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

Defendant maintains that he seeks leave to file motions for sanctions because his deadline to move to dismiss the second amended complaints "did not give [him] sufficient time to afford Plaintiffs the twenty-one-day safe harbor/grace period under Rule 11(c)(2) to cure the defects in their complaint." *See, e.g.*, Srinvasan Reply at 7. But nothing prevented Defendant from serving motions for sanctions on Plaintiffs under Rule 5 before moving to dismiss the operative complaints, and then later filing those motions for sanctions with the Court, had Plaintiffs failed to timely correct their filings, even if the necessary "correction" meant voluntarily dismissing the claims.

Having found that Defendant does not need leave of Court to file a motion for sanctions, the Court **DENIES WITHOUT PREJUDICE** Defendant's request. Nevertheless, the Court has serious concerns about Plaintiffs' counsel's compliance with his Rule 11 obligations to the Court. The Court cautioned counsel to "carefully consider" such obligations "in determining the scope and content of any amended complaint." *See Srinvasan*, Dkt. No. 49 at 13. And yet, Plaintiffs submitted complaints that failed to cure the primary threshold defect identified in the Court's dismissal order. Making matters worse, Plaintiff Johnson again advanced a "misrepresentation" cause of action. *See* Haas SAC ¶¶ 34–40. But Plaintiff Johnson abandoned the claim altogether by failing to oppose Defendant's substantive grounds for moving to dismiss this cause of action. *See* Haas Mot. 11–13 (moving to dismiss this cause of action); Haas Opp. (failing to mention whatsoever the misrepresentation cause of action). The Court will consider a motion for sanctions based on these grounds or any others if and when it is filed.

IV.     CONCLUSION

The Court **GRANTS** Defendant's motions to dismiss Plaintiffs' second amended complaints **WITHOUT LEAVE TO AMEND** as to all claims.  The Court **DENIES WITHOUT PREJUDICE** Defendant's request for leave to submit motions for sanctions.

The clerk is directed to close the files.

**IT IS SO ORDERED.**

Dated:   7/17/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge