UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SRIDHAR SRINVASAN,

        Plaintiff,

    v.

JERED KENNA,

        Defendant.

Case No. 18-cv-03977-HSG

**ORDER ON MOTION FOR SANCTIONS**

Re: Dkt. No. 57

MICHAEL HAAS, et al.,

        Plaintiff,

    v.

JERED KENNA,

        Defendant.

Case No. 18-cv-03978-HSG

Re: Dkt. No. 43

Pending before the Court is Defendant's motions for sanctions under 28 U.S.C. § 1927 or the Court's inherent powers. Case No. 18-cv-03977, Dkt. No. 57; Case No. 18-cv-03978, Dkt. No. 43 ("Mot."). Defendant requests sanctions based on Plaintiffs counsel's pursuit of "frivolous claims in [both] matter[s] over the course of many months through pleading after amended pleading." Mot. at 3. For the following reasons, the Court **DENIES** both motions.[1]

// 

// 

// 

// 

// 

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. See Civ. L.R. 7–1(b).

# I. LEGAL STANDARD

Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Sanctions are appropriate under § 1927 only on a showing "of the attorney's recklessness or bad faith." *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986); *see also Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015) (section 1927 requires proving that "the opposing party acted with 'subjective bad faith'" (citation and quotations omitted)). For purposes of § 1927, bad faith is present "when an attorney knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas*, 792 F.2d at 860 (citations omitted).

Under the court's inherent power, federal courts may impose sanctions only when there is a "specific finding of bad faith." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). While recklessness is sufficient for § 1927, "mere recklessness, without more, does not justify sanctions under a court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). Sanctions are available for a "variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994. "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" *Id.* at 992 (citation and quotations omitted).

# II. ANALYSIS

The Court finds that sanctions are not warranted under § 1927 or the Court's inherent powers. The Court finds nothing in the record proving that Plaintiff's counsel acted in bad faith, or knowingly or recklessly raised a frivolous claim. While counsel very likely was ignorant or

negligent in failing to understand that alter ego liability was a threshold issue because he made the choice to name Kenna as a defendant instead of Tradehill, ignorance or negligence is not a basis for sanctions under either § 1927 or the Court's inherent powers.[2] *See Fink*, 239 F.3d at 993. There is nothing in the record to suggest that Plaintiff's counsel filed the Second Amended Complaint based on a vexatious or dishonest motive.

Plaintiff counsel's conduct does not compare to the sanctionable conduct in Defendant's cited cases. *See* Mot. at 13 (citing cases). For example, in *Wages v. I.R.S.*, the court found that sanctions were appropriate since plaintiff "attempt[ed] to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim, *and* by continually moving for alterations in the district court's original judgment despite that court's clear unwillingness to change its mind. 915 F.2d 1230, 1235 (9th Cir. 1990) (emphasis added). Additionally, plaintiff in *Wages* attempted to file an amended complaint substantially the same as the first even after the court dismissed with prejudice some of the claims, and dismissed without prejudice the remaining claims "because even if they were properly served, no *Bivens* action would lie." *Id.* at 1233. Plaintiff filed no Rule 60 motion here, nor did the Court dismiss with prejudice any claims prior to Plaintiffs filing their Second Amended Complaint. Those facts were particularly significant in *Wages*. Similarly, in *Johnson v. University of Rochester Medical Center*, the court found that counsel made repeated allegations that defendant made an unsolicited, libelous statement about plaintiff, when the same counsel "requested and authorized the release of the allegedly libelous statement." 642 F.3d 121, 126 (2d Cir. 2011). This information allowed the court to find that counsel "pursued claims she knew had no basis in law or fact." *Id.* No such evidence of specific knowledge or bad faith is presented here.

Instead, it is clear that Plaintiffs' counsel failed to understand the legal landscape of alter

_____

[2] Although the Court explained that "[h]olding Kenna liable for Tradehill's acts and omissions . . . requires that Plaintiffs plead sufficient facts to invoke the alter ego doctrine so as to pierce Tradehill's corporate veil" in its dismissal of Plaintiffs' First Amended Complaint, counsel's subsequent actions make it clear that he fundamentally did not understand this statement or the underlying legal concepts, and does not show that he intentionally sought to defy the Court's order.

3

ego liability.  After Defendant filed its first motion to dismiss, counsel recognized the weakness of the allegations, conceded that the unfair competition claims should be dismissed, and sought leave to amend before the Court ruled on the initial motion to dismiss.  The Court then granted Defendant's motion to dismiss the first amended complaint noting that the threshold issue was Plaintiffs' failure to plead alter ego liability.  Plaintiffs then filed a Second Amended Complaint where they "narrowed their state law causes of action to two: (1) conversion, as to all Plaintiffs; and (2) misrepresentation, as to Plaintiff Johnson alone." Dkt. No. 56 at 3.  As noted in the Court's Order dismissing the case, "when confronted with their failure to amend the complaint in any way on [the alter ego liability] matter, . . . Plaintiffs' only response was the following:

> A clarification is in order.  Plaintiff[s] [is/are] not suing Tradehill, nor [is/are] plaintiff[s] stating any causes of action against Tradehill. Furthermore, plaintiff[s] [is/are] not pleading against Kenna based on alter ego liability.  Plaintiff[s] [is/are] not alleging that Kenna is liable because of his actions on behalf of Tradehill as its CEO.
>
> Plaintiff[s] [*is/are*] alleging that Kenna converted [their] bitcoin.  The cause of action for conversion is pleaded as against Kenna and the Doe defendants as individuals only, in their capacity as individuals only, not based on alter ego liability.  Paragraph 6 therefore needs to be stricken to avoid this ambiguity.  Plaintiff[s] stipulate[s] that it be stricken."

*Id.* at 4.  This explanation highlights Plaintiffs' counsel's fundamental misunderstanding.  As the Court subsequently explained, "Plaintiffs *must* plead alter ego because they brought suit against Tradehill's CEO, rather than Tradehill itself." *Id.*  After the Court's clear statement, Plaintiff's counsel has not sought to continue litigating the cases.

The totality of the record does not justify the imposition of sanctions in this case, even accepting that Plaintiff's counsel would have saved everyone's time and resources had he correctly analyzed the threshold alter ego liability issue prior to filing the Second Amended Complaint.  Accordingly, Court **DENIES** Defendant's motions for sanctions.

**IT IS SO ORDERED.**

Dated:  1/6/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

4